UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE FAMBO,

        Plaintiff,                  **DECISION AND ORDER**

    v.                                1:19-CV-00521 EAW

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____

## INTRODUCTION

Represented by counsel, plaintiff Dwayne Fambo ("Plaintiff") brings this action pursuant to Titles II and XVI of the Social Security Act (the "Act"), seeking review of the final decision of the Commissioner of Social Security (the "Commissioner," or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI"). (Dkt. 1). This Court has jurisdiction over the matter pursuant to 42 U.S.C. §§ 405(g).

Presently before the Court are the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (Dkt. 8; Dkt. 13), and Plaintiff's reply (Dkt. 14). For the reasons discussed below, Plaintiff's motion (Dkt. 8) is granted in part, the Commissioner's motion (Dkt. 13) is denied, and the matter is remanded to the Commissioner for further administrative proceedings consistent with this Decision and Order.

## BACKGROUND

Plaintiff protectively filed his applications for DIB and SSI on December 12, 2015. (Dkt. 6 at 17, 106-07).[1] In his applications, Plaintiff alleged disability beginning October 6, 2015, due to hearing difficulties on the left side, head and jaw pain on the left side, lower back pain, weak vision on the left side, headaches, and balance issues. (*Id.* at 17, 208-09). Plaintiff's applications were initially denied on February 8, 2016. (*Id.* at 36-83). At Plaintiff's request, a hearing was held before administrative law judge ("ALJ") Lynette Gohr on March 21, 2018, in Buffalo, New York. (*Id.* at 33-70). On May 2, 2018, the ALJ issued an unfavorable decision. (*Id.* at 14-35). Plaintiff requested Appeals Council review; his request was denied on February 20, 2019, making the ALJ's determination the Commissioner's final decision. (*Id.* at 6-11). This action followed.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the [Social Security Administration ("SSA")], this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (quotation omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more

---

[1] When referencing the page number(s) of docket citations in this Decision and Order, the Court will cite to the CM/ECF-generated page numbers that appear in the upper righthand corner of each document.

than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003) (citing *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984)).

## II.   Disability Determination

An ALJ follows a five-step sequential evaluation to determine whether a claimant is disabled within the meaning of the Act. *See Parker v. City of New York*, 476 U.S. 467, 470-71 (1986). At step one, the ALJ determines whether the claimant is engaged in substantial gainful work activity. *See* 20 C.F.R. §§ 404.1520(b), 416.920(b). If so, the claimant is not disabled. If not, the ALJ proceeds to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act, in that it imposes significant restrictions on the claimant's ability to perform basic work activities. *Id.* §§ 404.1520(c), 416.920(c). If the claimant does not have a severe impairment or combination of impairments, the analysis concludes with a finding of "not disabled." If the claimant does have at least one severe impairment, the ALJ continues to step three.

At step three, the ALJ examines whether a claimant's impairment meets or medically equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* §§ 404.1520(d), 416.920(d). If the impairment meets or medically equals the criteria of a Listing and meets the durational requirement (*id.* §§ 404.1509, 416.909), the claimant is disabled. If not, the ALJ determines the claimant's residual functional capacity ("RFC"), which is the ability to perform physical or mental work activities on a sustained basis, notwithstanding limitations for the collective impairments. *See id.* §§ 404.1520(e), 416.920(e).

The ALJ then proceeds to step four and determines whether the claimant's RFC permits the claimant to perform the requirements of his or her past relevant work. *Id.* §§ 404.1520(f), 416.920(f). If the claimant can perform such requirements, then he or she is not disabled. If he or she cannot, the analysis proceeds to the fifth and final step, wherein the burden shifts to the Commissioner to show that the claimant is not disabled. *Id.* §§ 404.1520(g), 416.920(g). To do so, the Commissioner must present evidence to demonstrate that the claimant "retains a residual functional capacity to perform alternative substantial gainful work which exists in the national economy" in light of the claimant's age, education, and work experience. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (quotation omitted); *see also* 20 C.F.R. § 404.1560(c).

## DISCUSSION

### I. The ALJ's Decision

In determining whether Plaintiff was disabled, the ALJ applied the five-step sequential evaluation set forth in 20 C.F.R. §§ 404.1520 and 416.920. Initially, the ALJ

determined that Plaintiff met the insured status requirements of the Act through December 31, 2018. (Dkt. 6 at 19). At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since October 6, 2015, the alleged onset date. (*Id.*).

At step two, the ALJ found that Plaintiff had the following severe impairments: seizure disorder and epilepsy; lumbar degenerative disc disease; left knee osteoarthritis status post arthroscopy; and left temporal meningioma status post craniotomy. (*Id.*). The ALJ also found that Plaintiff's medically determinable impairment of obesity was non-severe and that his claimed right knee pain was not a medically determinable impairment. (*Id.* at 19-20).

At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any Listing. (*Id.* at 20). The ALJ particularly considered the requirements of Listings 1.02, 1.04, 11.02, and 11.03 in reaching this conclusion. (*Id.* at 20-21).

Before proceeding to step four, the ALJ determined that Plaintiff retained the RFC to perform light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b), with the following additional limitations:

> [Plaintiff] can stand and/or walk for 5 hours in an 8-hour workday and can sit for 3 hours in an 8-hour workday. He can occasionally climb ramps and stairs but can never climb ladders, ropes, or scaffolds. He can occasionally balance and stoop but can never kneel, crouch, and crawl. He can never work at unprotected heights or around dangerous machinery. He can perform no driving as part of his job duties.

(*Id.* at 21).

At step four, the ALJ found that Plaintiff was unable to perform any past relevant work. (*Id.* at 27).

At step five, the ALJ relied on the testimony of a vocational expert ("VE") to conclude that, considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, including the representative occupations of cashier II, mail clerk, and marker. (*Id.* at 27-28). Accordingly, the ALJ found that Plaintiff was not disabled as defined in the Act at any time from the alleged onset date through the date of the ALJ's decision. (*Id.* at 28).

## II. Remand of this Matter for Further Proceedings is Necessary

Plaintiff asks the Court to reverse or, in the alternative, to remand this matter to the Commissioner, arguing that the ALJ's RFC finding was unsupported by substantial evidence and that the ALJ failed to provide good reasons for rejecting the opinions of Plaintiff's treating physicians. (*See* Dkt. 8-1 at 1). For the reasons discussed below, the Court agrees that the ALJ's assessment of Plaintiff's RFC was not supported by substantial evidence and that this error necessitates remand for further administrative proceedings.

### A. Assessment of Plaintiff's RFC

In deciding a disability claim, an ALJ is tasked with "weigh[ing] all of the evidence available to make an RFC finding that [is] consistent with the record as a whole." *Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). An ALJ's conclusion need not "perfectly correspond with any of the opinions of medical sources cited in his decision." *Id.* However, an ALJ is not a medical professional, and "is not qualified to assess a claimant's RFC on the basis of bare medical findings." *Ortiz v. Colvin*, 298 F. Supp. 3d 581, 586 (W.D.N.Y. 2018) (quotation omitted). In other words:

> An ALJ is prohibited from 'playing doctor' in the sense that 'an ALJ may not substitute his own judgment for competent medical opinion. . . . This

rule is most often employed in the context of the RFC determination when the claimant argues either that the RFC is not supported by substantial evidence or that the ALJ has erred by failing to develop the record with a medical opinion on the RFC.

*Quinto v. Berryhill*, No. 3:17-cv-00024 (JCH), 2017 WL 6017931, at *12 (D. Conn. Dec. 1, 2017) (citations omitted). "[A]s a result[,] an ALJ's determination of RFC without a medical advisor's assessment is not supported by substantial evidence." *Dennis v. Colvin*, 195 F. Supp. 3d 469, 474 (W.D.N.Y. 2016) (quotation and citation omitted).

In this case, the record contained numerous medical opinions from Plaintiff's treating sources, all of which the ALJ afforded little weight, and the opinion of consultative examiner Dr. Donna Miller, which the ALJ afforded significant weight. (Dkt. 6 at 25-26). Plaintiff argues, and the Court agrees, that Dr. Miller's opinion cannot constitute substantial evidence for the ALJ's RFC finding because it is stale.

"[M]edical source opinions that are conclusory, stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015). A medical opinion is not necessarily stale simply based on its age. A more dated opinion may constitute substantial evidence if it is consistent with the record as a whole notwithstanding its age. *See Andrews v. Berryhill*, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (ALJ did not err in relying on dated opinions where there was no indication the plaintiff's "condition had significantly deteriorated after the issuance of . . . [the] opinions such that they were rendered stale or incomplete"). However, "[a] medical opinion may be stale if it does not

account for the claimant's deteriorating condition." *Carney v. Berryhill*, No. 16-CV-269-FPG, 2017 WL 2021529, at *6 (W.D.N.Y. May 12, 2017).

In this case, Dr. Miller's opinion was issued on January 29, 2016. (Dkt. 6 at 407). However, in April 2016, Plaintiff began to experience left knee swelling and associated pain. (*Id.* at 529). Plaintiff continued to exhibit left knee pain throughout the spring and into the summer of 2016. (*Id.* at 526-27, 556). An MRI performed on June 3, 2016, showed a tear in Plaintiff's posterior horn medial meniscus with edema and cystic changes at the posterior medial meniscocapsular junction, an inferior articular surface tear, fraying on the lateral meniscal body, and "mild to moderate patellofemoral, mild medial and later compartment degenerative change, moderate, perhaps moderately severe chondromalacia patella including grade 4 changes medial patellar facet." (*Id.* at 500). Plaintiff was given injections in his knee for the pain (*id.* at 503), and ultimately underwent left knee arthroscopy, partial medial meniscectomy, and chondroplasty surgery on July 20, 2016 (*id.* at 553). Following this surgery, Plaintiff continued to experience residual swelling and weakness, and required additional injections. (*Id.* at 564-65, 742-43). An MRI performed on April 15, 2017, showed worsening medial compartment osteoarthritis with a recurrent medial meniscal tear. (*Id.* at 575). In other words, subsequent to Dr. Miller's opinion, Plaintiff developed a knee impairment of sufficient severity that he was required to undergo surgery. Even after surgery, he continued to suffer from continuing swelling and weakness, requiring additional pain management. Under these circumstances, the Court finds that Dr.

Miller's opinion was stale, and did not constitute substantial evidence for the ALJ's opinions.

Moreover, the ALJ did not rely on any other medical opinions in assessing Plaintiff's RFC. This is not the rare case in which the impairments were so minor that the ALJ could render a common sense assessment of Plaintiff's abilities. *See Sheri S. v. Berryhill*, No. 3:18-CV-192 (DJS), 2019 WL 1429522, at *4 (N.D.N.Y. Mar. 29, 2019). Plaintiff has numerous complex medical conditions, including a brain tumor that necessitated a craniotomy, seizure disorder, degenerative disc disease, and knee arthritis of sufficient severity to require surgery. On these facts, a medical opinion was required for the ALJ to reach an adequately supported conclusion regarding Plaintiff's RFC, and remand for further proceedings is therefore required.

### B. Plaintiff's Remaining Argument

As set forth above, Plaintiff has also argued that the ALJ failed to provide good reasons for discounting the opinions of his treating physicians. However, because the Court has already determined, for the reasons previously discussed, that remand of this matter for further administrative proceedings is necessary, the Court declines to reach this issue. *See, e.g.*, *Insalaco v. Comm'r of Soc. Sec.*, 366 F. Supp. 3d 401, 410 (W.D.N.Y. 2019) (declining to reach additional arguments where the court had determined remand for further administrative proceedings was necessary); *Bell v. Colvin*, No. 5:15-CV-01160 (LEK), 2016 WL 7017395, at *10 (N.D.N.Y. Dec. 1, 2016) (same).

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 13) is denied, Plaintiff's motion for judgment on the pleadings (Dkt. 8) is granted in part, and the matter is remanded for further administrative proceedings consistent with this Decision and Order.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated:    July 27, 2020
          Rochester, New York